UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN M. WALDRON, | : |
|                 Plaintiff, | : |
| | |
| v. | : |
| | |
| CAVALRY PORTFOLIO SERVICES LLC; | : Civil Action No.: 11-6815 |
| DOUGLAS M. MARINOS, P.C.; | : Jury of Eight (8) Jurors Demanded |
| JORGE PEREIRA, ESQ., | : |
|                 Defendants. | : |

## CIVIL ACTION COMPLAINT

**A.**    **Jurisdiction and Venue**

      1.    Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a).

      2.    Venue lies in this judicial district in that the events which gave rise to this claim occurred here.

**B.**    **Parties**

      3.    Plaintiff Susan M. Waldron is a natural person who resides at 6538 Rudderow Ave., Pennsauken, NJ 08109.

      4.    Defendant CAVALRY PORTFOLIO SERVICES LLC ("CAVALRY") is a corporation with principal offices at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595. CAVALRY regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6) and/or falls within the FDCPA as the buyer of defaulted debt.

      5.    CAVALRY specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then aggressively attempts to collect the

full amount of via dedicated collection law firms, like Defendant law firm hereinafter described. CAVALRY often has no documentary proof to support the validity of the debts that it purBank of Americas and causes proliferation of groundless litigation with the expectation that financially distressed debtors will not have access to legal representation to combat the lawsuits on the merits.

6. Defendant DOUGLAS M. MARINOS, P.C. ("MARINOS"), is a corporation and law firm engaged solely in the business of debt collection in the Commonwealth of Pennsylvania with principal offices at 101 N. Cedar Crest Blvd., Allentown PA 18104.  MARINOS regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

7. Defendant, JORGE PEREIRA, Esquire, is a licensed attorney employed by MARINOS at the above listed office address.

8. Defendants Pereira and Marinos are sometimes collectively referred to herein as "defendant lawyers".

C. **Factual Allegations**

9. On or about November 2012, defendant lawyers sued plaintiff on behalf of CAVALRY in the Philadelphia County Court of Common Pleas, Docket No. 1211-00281 ("the collection lawsuit") based on plaintiff allegedly having incurred a debt with Bank of America allegedly purchased by CAVALRY ( "the alleged debt").

10. Plaintiff concedes she did have an outstanding debt to Bank of America for credit extended to her through the vehicle of a credit card and that any such debt to Bank of America was strictly for the purchase of household goods and services.

11. Plaintiff fell into default on the credit in March 2009 card due to medical expenses incurred by her husband's work related back injury.

12. Plaintiff filed a summary judgment motion in opposition to the collection action based on the proofs attached to the collection action indicating that the action had been filed beyond the three (3) year statute of limitations for the alleged debt's credit agreement based on plaintiff's default date.

13. On or about September 9, 2013, Philadelphia Court of Common Please granted Plaintiff's summary judgment motion (Ex. "A").

14. Plaintiff incurred legal fees and expenses in defense of the collection action.

15. Defendants filed the collection action with knowledge that the credit agreement did not authorize collection of the alleged debt based on plaintiff's date of default and applicable Delaware statute of limitations in the Agreement because both of the latter items were alleged in the collection action.

16. Nonetheless, defendants filed the collection action therein falsely alleging they were entitled to collect the debt in contradiction to the facts and the credit agreement for the alleged debt.

D. **Cause of Action**

### COUNT I - Violations of the Fair Debt Collection Practices Act (FDCPA)
*(Plaintiff v. All Defendants)*

17. The allegations above are re-alleged and incorporated herein by reference.

18. At all times relevant hereto Defendants were attempting to collect an alleged debt to it incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692f(1) attempted to collect a debt in a manner not permitted by law or by any agreement by plaintiff with defendants;

   b) §1692f acted in an unfair and unconscionable manner to collect the alleged debt.

## COUNT II.
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) and PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)
*(Plaintiff v. Defendant Cavalry)*

20. The allegations above are re-alleged and incorporated herein by reference.

21. Defendant CAVALRY is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCUEA.

22. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

23. The contacts by CAVALRY with Plaintiff via the collection action and otherwise were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

24. CAVALRY knew or should have known that the alleged debt was stale when referred to defendant lawyers for collection when it filed the collection action described above.

25. The foregoing acts and omissions of Defendant CAVALRY constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a) and/or , 73 P.S. § 2270.4(b) as evidenced by the following conduct:

    a) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

    b) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

    c) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

    d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

    e) Attempting to collect any amount not authorized by agreement or permitted by law.

26. CAVALRY's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

27. As a result of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling her to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III - WRONGFUL USE OF CIVIL PROCEEDINGS
*(Plaintiff v. All Defendants)*

28. The allegations above are re-alleged and incorporated herein by reference.

29. Defendants filed the collection action against plaintiff knowing CAVALRY had insufficient proof of standing to collect the debt.

30. The collection action brought by Defendants against Plaintiff was ultimately decided in favor of the Plaintiff as described above.

31. Defendants thereby maliciously prosecuted the collection action in violation of 42 Pa.C.S.A. § 8351 and caused Plaintiff actual damages in the form of fees and costs to defend this action.

32. Plaintiff is entitled to actual and compensatory damages from Defendants for willfully initiating and continuing a wrongful civil action against her and thereby inflicting anxiety, fear, and emotional distress on Plaintiff, as more fully alleged herein.

33. At all times relevant hereto, Defendants commenced, continued and/or prosecuted the Collection lawsuit without probable cause despite notice to the defendant lawyers by its own evidence that this debt was stale and not collectible.

34. At all times relevant hereto, Defendants commenced, continued and/or prosecuted the Collection litigation primarily for a purpose other than that of lawful adjudication of the claim in which the proceedings were based.

35. At all times relevant hereto, Defendants acted in a grossly negligent manner in commencing, continuing and/or prosecuting the Collection litigation.

36. At all times relevant hereto, by the commencement, continuation and prosecution of the Collection litigation Defendants acted maliciously and for the primary purpose of harassing Plaintiff into payment of the alleged debt for which defendants had no admissible evidence of a timely filing of the collection action by CAVALRY.

37. Defendants are liable to Plaintiff for her losses, expenses and damages pursuant to 42 Pa.C.S.A. 8351 ct. seq., titled Wrongful Use of Civil Proceedings.

## COUNT IV – EQUITY
*(Plaintiff v. Defendant Cavalry)*

38. The allegations above are re-alleged and incorporated herein by reference.

39. Plaintiff demands equitable relief in the form of defendant being ordered to delete from plaintiff's consumer reports any negative tradeline referring to the alleged debt being owed by plaintiff.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against defendants, individually and jointly and/or severally, for:

a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);

d. Compensatory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

e. treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

f. costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a)

g. Equitable relief;

h. Such other and further relief as the Court may deem to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: <u>October 14 , 2012</u>         <u>RC 935</u>  
ROBERT P. COCCO, P.C.  
Attorney for Plaintiff  
By:  Robert P. Cocco, Esquire  
Pa. Id. No. 61907  
1500 Walnut Street, Suite 900  
Philadelphia, PA 19102  
(215) 351-0200